## IN THE CIRCUIT COURT OF MADISON COUNTY, ARKANSAS
### CIVIL DIVISION

LAILA PETERSEN, Individually,
and as Guardian and Next Friend of L.B., a Minor;
ASHLEE CHOATE-DAVIDSON, Individually,
and as Guardian and Next Friend of K.C., a Minor;
STEPHANIE BOLIN, Individually,
and as Guardian and Next Friend of A.B., a Minor;
REGINA RICHARDSON, Individually,
And as Guardian and Next Friend of L.R., a Minor; and
ARIAS RICHARDSON

FILED FOR RECORD
at 11:02 o'clock A M.

OCT 06 2023

TIFFANY McDANIEL
CLERK AND RECORDER
MADISON COUNTY, ARKANSAS

**PLAINTIFFS**

v.                              CASE NO. 44CV-23-129

DOLGENCORP, LLC d/b/a Dollar General;
DOLLAR GENERAL CORPORATION; and
JOHN DOES 1-5                                           **DEFENDANTS**

---

## COMPLAINT

---

COME NOW, the Plaintiffs, Laila Petersen, Individually, and as Guardian and Next Friend of L.B., a Minor, Ashlee Choate-Davidson, Individually, and as Guardian and Next Friend of K.C., a Minor, Stephanie Bolin, Individually, and as Guardian and Next Friend of A.B., a Minor, Regina Richardson, Individually, and as Guardian and Next Friend of L.R., a Minor, and Arias Richardson, by and through the undersigned counsel, and for their Complaint against the Defendants, Dolgencorp, LLC d/b/a Dollar General, Dollar General Corporation, and John Does 1-10, state and allege as follows:

### I.    PARTIES, JURISDICTION & VENUE

1.    This action arises from defamatory Facebook posts made by agents and representatives of Defendants against Plaintiffs on May 5, 2023.

2.      Plaintiff Laila Petersen is a citizen and resident of Madison County, Arkansas.

3.      L.B. is a thirteen-year-old minor living and residing in Madison County, Arkansas. Laila Petersen is L.B.'s mother and guardian.

4.      Plaintiff Ashlee Choate-Davidson is a citizen and resident of Madison County, Arkansas.

5.      K.C. is a fifteen-year-old minor living and residing in Madison County, Arkansas. Ashlee Choate-Davidson is K.C.'s mother and guardian.

6.      Plaintiff Stephanie Bolin is a citizen and resident of Madison County, Arkansas.

7.      A.B. is a fifteen-year-old minor living and residing in Madison County, Arkansas. Stephanie Bolin is A.B.'s mother and guardian.

8.      Plaintiff Regina Richardson is a citizen and resident of Madison County, Arkansas.

9.      L.R. is a fifteen-year-old minor living and residing in Madison County, Arkansas. Regina Richardson is L.R.'s mother and guardian.

10.     Plaintiff Arias Richardson is a citizen and resident of Madison County, Arkansas. Arias Richardson is the adult son of Regina Richardson and brother of L.R.

11.     Separate Defendant DolgenCorp, LLC d/b/a Dollar General is a foreign limited liability company doing substantial and continuous business in Arkansas. Separate Defendant DolgenCorp, LLC d/b/a Dollar General may be served with process in this action by delivering summons and copy of this complaint to its registered agent for service, Corporation Service Company, located at 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

12.     Separate Defendant Dollar General Corporation is a foreign for-profit corporation doing substantial and continuous business in Arkansas. Separate Defendant Dollar General Corporation may be served with process in this action by delivering summons and copy of this

complaint to its registered agent for service, Corporation Service Company, located at 2908 Poston Ave., Nashville, Tennessee 37203-1312.

13.     Whenever the term "Defendants" is utilized within this lawsuit, such term collectively refers to and includes all named Defendants in this lawsuit, unless otherwise specified.

14.     Defendants own and operate the Dollar General Store at 22841 Highway 412, Huntsville, Arkansas 72740.   Defendants are responsible for the store's maintenance and operation.

15.     Upon information and belief, John Does 1-5, are employees, representatives, or agents of Defendants, or other individuals involved in the posting, approving, or sanctioning the defamatory Facebook posts at issue herein and whose identities are unknown at this time to Plaintiffs.  An Affidavit by Plaintiffs' counsel identifying and attesting to same is attached hereto and incorporated herein by reference as **Exhibit A.**

16.     This Court has jurisdiction over the parties and subject matter in this case.

17.     Venue is proper in Madison County, Arkansas, as the majority of the acts or omissions described in this Complaint occurred in Madison County, Arkansas.

## II.     FACTS

18.     Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

19.     On May 5, 2023, L.B., K.C., A.B., L.R., Arias Richardson, and one other friend entered the Dollar General Store located at 22841 Highway 412, Huntsville, Arkansas 72740 ("Marble Dollar General").

20.     At all times relevant herein, Defendants owned, operated, and maintained the Marble Dollar General.

21.     At all times relevant herein, Defendants were vicariously responsible for the acts or omissions of the employees or representatives of the Marble Dollar General.

22.     Other than Arias Richardson, who was nineteen (19) years old at the time the group of friends entered the Marble Dollar General, the group consisted exclusively of minors.  K.C., A.B., and L.R. were all fifteen (15) years old at the time, and L.B. was only thirteen (13).

23.     While at the store, a few members of the group roughhoused in the toy aisle, causing minor disarray but not breaking or harming any items.  Upon information and belief, this angered Marble Dollar General employees enough to retaliate against the group.

24.     After shopping at the store for a while, L.R. and Arias Richardson purchased a few items at the self-checkout station, including a six-pack of ramen noodles and a 12-pack of Coca-Cola.  They also purchased Benadryl for their mother that was home sick and paid for all the items using their mother's credit card with her permission.

25.     The other members of the group joined L.R. and Arias Richardson at the register as they checked out.  After paying for their items, L.R. and Arias Richardson left.  The others followed.

26.     After the group left the store, an employee of Marble Dollar General accessed the store's security footage from a camera overlooking the self-checkout and took multiple screenshots of the children's faces.

27.     The employee posted the photos of the children and Arias Richardson anonymously on a local Facebook group titled, "Huntsville Arkansas Neighbors Helping Neighbors" (the "Huntsville Facebook Group").

28.     The Huntsville Facebook Group was started in April 2020 for the purpose of apprising Huntsville, Arkansas residents about information pertaining to the local community and

its businesses.   Among other things, the Group's biography designates it as a "place to stay connected."

29.     At the time the Marble Dollar General employee made the Facebook post, the Huntsville Facebook Group had approximately 5,000 members, most of whom were residents of the small-town community where the Plaintiffs live, attend school, and work.

30.     The Marble Dollar General employee selected the Huntsville Facebook Group because they knew any posts made therein would reach a wide number of Huntsville, Arkansas residents.

31.     In the Facebook post, the Marble Dollar General employee shared several photos taken from the security footage of the children and Arias Richardson, clearly exposing their faces to the public, and a statement: "For the love of Christ . . . Teach your children public etiquette and to PAY FOR THEIR ITEMS."   See May 5, Facebook Post, attached and incorporated herein by reference as **Exhibit B.**

32.     The photographs attached to the post clearly depicted L.B., K.C., A.B., L.R., Arias Richardson, and another, labeling them each as thieves and their parents (who were also well-known in the small community) as failures for their alleged shortcomings in teaching their children morals and "etiquette."

33.     The Facebook post quickly received a number of comments, "likes," and other "reactions."   A number of commentors disparaged the children and their guardians.   When one commenter asked where the theft occurred, the Marble Dollar General employee who made the post responded that it occurred at the Dollar General "in Marble."

34.     It was obvious to Defendants that the allegations made in the Facebook post were false.   Defendants, who reviewed the security footage, could plainly see that L.B., K.C., A.B.,

L.R., and Arias Richardson had paid for all items they purchased or removed from the Marble Dollar General.

35.     There was no reasonable basis for Defendants to accuse L.B., K.C., A.B., L.R., and Arias Richardson of being thieves or their parents of raising thieves.

36.     It was also obvious to Defendants that posting the photographs of the children and Arias Richardson on a community page where they would be easily identified would brand them as shoplifters and untrustworthy in the eyes of their community.

37.     Defendants knew that these allegations would cause the community to shame and distrust Plaintiffs L.B., K.C., A.B., L.R., and Arias Richardson and posted the allegations for the purpose of causing this result.

38.     It was further obvious to Defendants that posting about L.B., K.C., A.B., and L.R.'s parents' shortcomings for their alleged failure to rear their children against shoplifting – particularly on a Facebook page in a small community where the children's faces would be easily associated with their parents – would damage the reputations of the parents in the eyes of the local community.

39.     Defendants knew that these allegations would cause the community to shame and distrust Plaintiffs Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, and Regina Richardson and posted the allegations for the purpose of causing this result.

40.     Defendants knew at all times that neither the children nor Arias Richardson stole items from the Marble Dollar General, and Defendants instead intentionally published false information in retaliation for the friends roughhousing in the toy aisle.  In doing so, Defendants falsely accused the minors and Arias Richardson of a crime so that they would be shamed by their community.

41.     Immediately after Defendants created the public content accusing L.B., K.C., A.B., L.R., and Arias Richardson of stealing and accusing Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, and Regina Richardson of poor parenting, each began receiving messages and phone calls from community members.   Plaintiffs Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, and Regina Richardson each spoke to their sons and determined that the Facebook post and the shoplifting allegations were false.

42.     The following morning, Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, Regina Richardson, and their children returned to the Marble Dollar General to speak with the manager and other employees about the incident.

43.     One of the employees admitted that she had personally retrieved the security camera footage and taken screenshots of the minors, which she also admitted to circulating to other employees.   She, however, denied posting the photos to social media.   However, both the manager and employees confirmed that the only individuals who had access to the security footage or the photographs were Dollar General employees who were acting within the course and scope of their employment in accessing same.

44.     During the conversation, the Marble Dollar General employees who were present while L.B., K.C., A.B., L.R., Arias Richardson, and the others were in the store could not maintain a consistent story as to what the children and Mr. Richardson allegedly stole.   They first asserted that the children and Mr. Richardson left with seven (7) items and only paid for two (2).   When Regina Richardson produced her bank records proving that the charges were exactly equal to what was allegedly "stolen," all agreed that the items taken by the boys had been paid for.

45.     Still trying to justify their baseless accusations, the Marble Dollar General employees then changed their story and claimed that the children and Mr. Richardson had paid for

everything originally but then left the store, immediately came back inside, and stole items at that time. However, they could not identify any item allegedly stolen during this second store rendezvous and refused to show the parents the security footage to verify the accusation.

46.     Defendants' second story regarding the alleged theft also didn't comport with their Facebook post which accused the children and Mr. Richardson of not paying for their items at the self-checkout – items Defendants' admitted during this conversation were all paid for.

47.     It is clear that Defendants had no basis for the shoplifting accusation against Plaintiffs and were merely angry with the group for roughhousing in the toy aisle during their trip to the store. As a result, Defendants posted intentionally false information for the purpose of harming the Plaintiffs' reputations.

48.     Defendants' scheme succeeded. In the days following the accusations, each of the Plaintiffs' reputations suffered as they attempted to ward off speculation of theft and dishonesty. Each received numerous messages from community members who believed the Plaintiffs were either thieves or permitted their children to be.

49.     Rumors circulated throughout L.B., K.C., A.B., and L.R.'s small school, suggesting that they were thieves and impacting their relationships with their teachers, friends, and classmates. Some of the Plaintiffs were even called into the principal's office to discuss the event.

50.     A few days after the post, when L.R. went to the local Walmart to shop, an employee recognized him from the Facebook post and told her colleague to "watch that kid" because she had seen online that "he was caught stealing." L.R. overheard the exchange and felt ashamed, being labeled a thief for a crime he did not commit.

51.     Arias Richardson, who is employed by a local food distributor, was approached by several coworkers about the allegations, believing he was now untrustworthy, and risking his opportunities at workplace advancement.

52.     Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, and Regina Richardson were forced to field numerous questions and allegations about their parenting and their children's alleged thievery at the Marble Dollar General.

53.     Each Plaintiff has experienced intense embarrassment, shame, and humiliation, and it has impacted their relationships and confidence in the community.

54.     Defendants posted the false allegations for the purpose that Plaintiffs be shamed by their community.

55.     Defendants have engaged in a pattern or policy of posting unverified allegations of theft on social media groups, alongside security camera footage of the alleged thieves, for the purpose of shaming and embarrassing them.  In fact, Defendants had previously made similar posts on the Huntsville Facebook Group.

56.     Just weeks prior to the incident described above, on April 19, 2023, Defendants posted the faces of two adults that employees alleged stole items from the Marble Dollar General. See April 19 Facebook Post, attached and incorporated herein by reference as **Exhibit C.**  Again, these allegations appear to have been made without any verification as to their veracity simply to shame and humiliate the shoppers.

### III.    COUNT I: DEFAMATION OF L.B.

57.     Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

58.     An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that L.B. shoplifted from the Marble Dollar General.

59.     Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior*.

60.     Defendants knew that the Facebook post and allegations that L.B. shoplifted from the Marble Dollar General were false.

61.     The security footage from which Defendants captured the photos of L.B. revealed that L.B. did not steal from the Marble Dollar General.

62.     However, Defendants still posted the photos in support of the proposition that L.B. was a thief.

63.     Defendants' statements that L.B. stole items from the Marble Dollar General were libelous, harmful, and made for the purpose of defaming L.B.'s reputation and character.

64.     The publication of these false statements of fact by Defendants proximately caused L.B. to suffer damages.

65.     L.B. has suffered damages, including, but not limited to, irreparable harm to his reputation, loss or diminishment of his personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## IV.     COUNT II: DEFAMATION OF K.C.

66.     Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

67.    An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that K.C. shoplifted from the Marble Dollar General.

68.    Defendants are vicariously liable for the actions of their employee in making the post under the doctrine of *respondeat superior*.

69.    Defendants knew that the Facebook post and allegations that K.C. shoplifted from the Marble Dollar General were false.

70.    The security footage from which Defendants captured the photos of K.C. revealed that K.C. did not steal from the Marble Dollar General.

71.    However, Defendants still posted the photos in support of the proposition that K.C. was a thief.

72.    Defendants' statements that K.C. stole items from the Marble Dollar General were libelous, harmful, and made for the purpose of defaming K.C.'s reputation and character.

73.    The publication of these false statements of fact by Defendants proximately caused K.C. to suffer damages.

74.    K.C. has suffered damages, including, but not limited to, irreparable harm to his reputation, loss or diminishment of his personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## V.    COUNT III: DEFAMATION OF A.B.

75.    Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

76.     An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that A.B. shoplifted from the Marble Dollar General.

77.     Defendants are vicariously liable for the actions of their employee in making the post under the doctrine of *respondeat superior*.

78.     Defendants knew that the Facebook post and allegations that A.B. shoplifted from the Marble Dollar General were false.

79.     The security footage from which Defendants captured the photos of A.B. revealed that A.B. did not steal from the Marble Dollar General.

80.     However, Defendants still posted the photos in support of the proposition that A.B. was a thief.

81.     Defendants' statements that A.B. stole items from the Marble Dollar General were libelous, harmful, and made for the purpose of defaming A.B.'s reputation and character.

82.     The publication of these false statements of fact by Defendants proximately caused A.B. to suffer damages.

83.     A.B. has suffered damages, including, but not limited to, irreparable harm to his reputation, loss or diminishment of his personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## VI.   COUNT IV: DEFAMATION OF L.R.

84.     Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

85.     An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that L.R. shoplifted from the Marble Dollar General.

86.     Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior.*

87.     Defendants knew that the Facebook post and allegations that L.R. shoplifted from the Marble Dollar General were false.

88.     The security footage from which Defendants captured the photos of L.R. revealed that L.R. did not steal from the Marble Dollar General.

89.     However, Defendants still posted the photos in support of the proposition that L.R. was a thief.

90.     Defendants' statements that L.R. stole items from the Marble Dollar General were libelous, harmful, and made for the purpose of defaming L.R.'s reputation and character.

91.     The publication of these false statements of fact by Defendants proximately caused L.R. to suffer damages.

92.     L.R. has suffered damages, including, but not limited to, irreparable harm to his reputation, loss or diminishment of his personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## VII.     COUNT V: DEFAMATION OF ARIAS RICHARDSON

93.     Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

94.     An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that Arias Richardson shoplifted from the Marble Dollar General.

95.     Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior*.

96.     Defendants knew that the Facebook post and allegations that Arias Richardson shoplifted from the Marble Dollar General were false.

97.     The security footage from which Defendants captured the photos of Arias Richardson revealed that Arias Richardson did not steal from the Marble Dollar General.

98.     However, Defendants still posted the photos in support of the proposition that Arias Richardson was a thief.

99.     Defendants' statements that Arias Richardson stole items from the Marble Dollar General were libelous, harmful, and made for the purpose of defaming Arias Richardson's reputation and character.

100.    The publication of these false statements of fact by Defendants proximately caused Arias Richardson to suffer damages.

101.    Arias Richardson has suffered damages, including, but not limited to, irreparable harm to his reputation, loss or diminishment of his personal, business, and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## VIII.   COUNT VI: DEFAMATION OF LAILA PETERSEN

102.    Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

103.   An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that L.B. shoplifted from the Marble Dollar General and that this shoplifting was the direct result of Laila Petersen's parenting.

104.   Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior.*

105.   Defendants knew that the Facebook post and allegations that L.B. shoplifted from the Marble Dollar General – and that this shoplifting was the direct result of Laila Petersen's parenting – were false.

106.   The security footage from which Defendants captured the photos of L.B. revealed that L.B. did not steal from the Marble Dollar General.

107.   However, Defendants still posted the photos in support of the proposition that L.B. was a thief and that Laila Petersen did not teach her child not to steal.

108.   Defendants' statements that L.B. stole items from the Marble Dollar General and that he did so because Laila Petersen failed to teach him not to steal were libelous, harmful, and made for the purpose of defaming Laila Petersen's reputation and character.

109.   The publication of these false statements of fact by Defendants proximately caused Laila Petersen to suffer damages.

110.   Laila Petersen has suffered damages, including, but not limited to, irreparable harm to her reputation, loss or diminishment of her personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

**IX.     COUNT VII: DEFAMATION OF ASHLEE CHOATE-DAVIDSON**

111.    Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

112.    An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that K.C. shoplifted from the Marble Dollar General and that this shoplifting was the direct result of Ashlee Choate-Davidson's parenting.

113.    Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior*.

114.    Defendants knew that the Facebook post and allegations that K.C. shoplifted from the Marble Dollar General – and that this shoplifting was the direct result of Ashlee Choate-Davidson's parenting – were false.

115.    The security footage from which Defendants captured the photos of K.C. revealed that K.C. did not steal from the Marble Dollar General.

116.    However, Defendants still posted the photos in support of the proposition that K.C. was a thief and that Ashlee Choate-Davidson did not teach her child not to steal.

117.    Defendants' statements that K.C. stole items from the Marble Dollar General and that he did so because Ashlee Choate-Davidson failed to teach him not to steal were libelous, harmful, and made for the purpose of defaming Ashlee Choate-Davidson's reputation and character.

118.    The publication of these false statements of fact by Defendants proximately caused Ashlee Choate-Davidson to suffer damages.

119.    Ashlee Choate-Davidson has suffered damages, including, but not limited to, irreparable harm to her reputation, loss or diminishment of her personal and community

relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## X.   COUNT VIII: DEFAMATION OF STEPHANIE BOLIN

120.   Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

121.   An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that A.B. shoplifted from the Marble Dollar General and that this shoplifting was the direct result of Stephanie Bolin's parenting.

122.   Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior.*

123.   Defendants knew that the Facebook post and allegations that A.B. shoplifted from the Marble Dollar General – and that this shoplifting was the direct result of Stephanie Bolin's parenting – were false.

124.   The security footage from which Defendants captured the photos of A.B. revealed that A.B. did not steal from the Marble Dollar General.

125.   However, Defendants still posted the photos in support of the proposition that A.B. was a thief and that Stephanie Bolin did not teach her child not to steal.

126.   Defendants' statements that A.B. stole items from the Marble Dollar General and that he did so because Stephanie Bolin failed to teach him not to steal were libelous, harmful, and made for the purpose of defaming Stephanie Bolin's reputation and character.

127.   The publication of these false statements of fact by Defendants proximately caused Stephanie Bolin to suffer damages.

128.   Stephanie Bolin has suffered damages, including, but not limited to, irreparable harm to her reputation, loss or diminishment of her personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## XI.   COUNT IX: DEFAMATION OF REGINA RICHARDSON

129.   Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

130.   An employee of Defendants, acting in the course and scope of their employment, posted a false statement of fact on a public platform when they asserted that L.R. and Arias Richardson shoplifted from the Marble Dollar General and that this shoplifting was the direct result of Regina Richardson's parenting.

131.   Defendants are vicariously liable for the actions of their employee in posting the statement under the doctrine of *respondeat superior*.

132.   Defendants knew that the Facebook post and allegations that L.R. and Arias Richardson shoplifted from the Marble Dollar General – and that this shoplifting was the direct result of Regina Richardson's parenting – were false.

133.   The security footage from which Defendants captured the photos of L.R. and Arias Richardson revealed that L.R. and Arias Richardson did not steal from the Marble Dollar General.

134.   However, Defendants still posted the photos in support of the proposition that L.R. and Arias Richardson were thieves and that Regina Richardson did not teach her children not to steal.

135.   Defendants' statements that L.R. and Arias Richardson stole items from the Marble Dollar General and that they did so because Regina Richardson failed to teach them not to steal

were libelous, harmful, and made for the purpose of defaming Regina Richardson's reputation and character.

136.    The publication of these false statements of fact by Defendants proximately caused Regina Richardson to suffer damages.

137.    Regina Richardson has suffered damages, including, but not limited to, irreparable harm to her reputation, loss or diminishment of her personal and community relationships, humiliation, embarrassment, and emotional distress, and other such damages as the evidence may show.

## XII.    COUNT X: PUNITIVE DAMAGES

138.    Plaintiffs reincorporate the immediately preceding paragraphs as if set forth verbatim herein.

139.    In publicly posting photos of L.B., K.C., A.B., L.R., and Arias Richardson alongside a statement accusing them of theft, Defendants intentionally pursued a course of conduct for the purpose of causing Plaintiffs injury or, with the knowledge that the conduct would naturally and probably cause such injuries, continued in the course of conduct in reckless disregard of the consequences.

140.    In publicly posting photos of Laila Petersen, Ashlee Choate-Davidson, Stephanie Bolin, and Regina Richardson's children alongside a statement accusing them of failing to teach their children not to steal, Defendants intentionally pursued a course of conduct for the purpose of causing Plaintiffs injury or, with the knowledge that the conduct would naturally and probably cause such injuries, continued in the course of conduct in reckless disregard of the consequences.

141.    Defendants' false allegations were made maliciously and for the purpose of causing Plaintiffs shame, humiliation, embarrassment, and reputational harm.

142.   Plaintiffs are entitled to punitive damages in an amount to punish Defendants for their malicious conduct and to deter others from posting defamatory accusations against innocent community-members in the future.

143.   Plaintiffs demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Laila Petersen, Individually, and as Guardian and Next Friend of L.B., a Minor, Ashlee Choate-Davidson, Individually, and as Guardian and Next Friend of K.C., a Minor, Stephanie Bolin, Individually, and as Guardian and Next Friend of A.B., a Minor, Regina Richardson, Individually, and as Guardian and Next Friend of L.R., a Minor, and Arias Richardson, pray for judgment against Defendants, Dolgencorp, LLC d/b/a Dollar General, Dollar General Corporation, and John Does 1-10, in an amount in excess of that required for diversity jurisdiction, for punitive damages in an amount sufficient to punish and deter others from similar conduct in the future, for their costs, fees, and expenses in bringing this action, for interest on all of the above, and for any other and further relief to which this Court may, in its discretion, find them to be entitled.

Respectfully submitted,

LAILA PETERSEN, Individually, and as
Guardian and Next Friend of L.B., a Minor,
ASHLEE CHOATE-DAVIDSON,
Individually, and as Guardian and Next
Friend of K.C., a Minor,
STEPHANIE BOLIN, Individually, and as
Guardian and Next Friend of A.B., a Minor,
REGINA RICHARDSON, Individually, and
as Guardian and Next Friend of L.R., a
Minor, and ARIAS RICHARDSON,
PLAINTIFFS

By: _____
Alan L. Lane, Ark. Bar No. 2003131
Bryant Crooks, Ark. Bar No. 2013169
Martha-Kay Mettler, Ark. Bar No. 2022166

ODOM LAW FIRM, P.A.
161 W. Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 *fax*
alane@odomfirm.com
mmettler@odomfirm.com

ATTORNEYS FOR PLAINTIFFS